# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ROBERT WHITAKER (#110818)**                                    **CIVIL ACTION**

**VERSUS**

**STATE OF LOUISIANA**                                            **NO. 14-0775-BAJ-RLB**

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on March 2, 2015.

                                                     **RICHARD L. BOURGEOIS, JR.**
                                                     **UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ROBERT WHITAKER (#110818)**                               **CIVIL ACTION**

**VERSUS**

**STATE OF LOUISIANA**                                       **NO. 14-0775-BAJ-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner, Robert Whitaker, challenges his 1985 conviction entered on a charge of second degree murder in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. The petitioner asserts that the trial court erred in failing to conclude that "newly discovered evidence" relative to alleged ineffective assistance of counsel warrants a reversal of his conviction.

A review of this Court's records reflects that the petitioner has previously pursued federal habeas corpus relief in this District, in Civil Action No. 98-0933-RET-SCR, *Robert L. Whitaker, Jr. v. Burl Cain, Warden,* attacking the same conviction that is at issue in this matter. That proceeding was dismissed as untimely pursuant to Ruling and Judgment entered on December 10, 1999. The petitioner appealed that determination to the United States Court of Appeals for the Fifth Circuit, which Court denied a Certificate of Appealability on June 14, 2000.

In the instant proceeding, the petitioner asserts that he has only recently obtained a copy of a 1992 transcript of a deposition taken of his trial attorney in connection with state court post-conviction review proceedings. The petitioner asserts that a review of the deposition testimony discloses that his trial attorney provided ineffective assistance of counsel during plea negotiations conducted prior to his conviction. Specifically, the petitioner asserts that whereas

the prosecution offered a plea agreement for a reduced charge of manslaughter, with a maximum sentence of twenty-one years in confinement, his trial attorney convinced him to reject the offered plea. According to the petitioner, he has long sought to obtain a copy of the referenced deposition transcript but was unsuccessful until 2013. The petitioner further asserts that he has presented this claim of newly discovered evidence before the state courts, but the state courts have rejected his applications as untimely.

The present application is in the nature of a successive petition for habeas corpus relief within the meaning of 28 U.S.C. § 2244(b).[1] Pursuant to that statute, a habeas corpus application filed after the filing of one or more previous applications is successive when it "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *In re Cain*, 137 F.3d 234 (5th Cir. 1998). Although the petitioner contends that the instant claim "could not have been raised until petitioner recently obtained the transcripts of the deposition taken from his trial attorney," the Court is not persuaded by this contention. The referenced deposition was undertaken in 1992, long before the petitioner's initial federal habeas corpus application before this Court in 1998 and, in any event, it must be concluded that the petitioner had knowledge of the essential facts necessary to assert his claim regarding the alleged ineffective assistance of his trial counsel during plea negotiations. In fact, a review of the petitioner's filings in the initial federal habeas proceeding makes clear that the petitioner did in fact assert a claim of ineffective assistance of trial counsel during plea negotiations, contending that the petitioner was informed of the tendered plea offer, but "the ramifications and serious contemplation of accepting such a plea

---

1. A determination that a previous habeas corpus application is time-barred counts as an adjudication on the merits for the purpose of determining whether a subsequently-filed habeas corpus application is successive. *See In re: Flowers*, 595 F.3d 204, 205 (5th Cir. 2009).

agreement was never explained to him." *See* R. Doc. 2, p. 64, in Civil Action No. 98-0933-RET-SCR. Thus, the instant claim "was or could have been raised" in the petitioner's earlier proceeding, and the instant application must therefore be considered to be a successive application within the meaning of 28 U.S.C. § 2244(b).

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* The petitioner has not presented this Court with an Order from the Fifth Circuit Court of Appeals allowing him to proceed with this successive application for federal habeas corpus relief. Thus, this Court cannot consider the instant habeas corpus petition because, without an order from the Fifth Circuit, this Court lacks subject matter jurisdiction over the petitioner's successive application. *See Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

## RECOMMENDATION

It is recommended that the instant petition be considered, in part, as a motion for authorization to proceed with this successive habeas corpus application and that the instant petition be transferred to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 1631, in order that that Court may determine whether to grant the petitioner authorization to file the instant habeas corpus petition in this Court. *See In re: Tony Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed in Baton Rouge, Louisiana, on March 2, 2015.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**